RUST, JOHNSTON & COMPANY, plaintiffs in error, *vs.* KETCHUM & HARTRIDGE, defendants in error.

Where a plea had been filed to the plaintiffs' action setting up a legal defense thereto, and a trial was had in the absence of one of defendants' counsel who was alone acquainted with all the facts of the defense, which resulted in a verdict for the plaintiffs; on its being made to appear that said counsel had leave of absence, a new trial should have been granted. (R.)

New trial. Leave of absence to counsel. Before Judge STROZIER. Dougherty Superior Court. December Adjourned Term, 1871.

Ketchum & Hartridge brought complaint against Rust, Johnston & Company upon a bill of exchange, dated July 14th, 1870, payable on the 1st of November, 1871, drawn

Rust, Johnston & Company *vs.* Ketchum & Hartridge.

by Charlton H. Way & Company on Rust, Johnston & Company, and accepted by them, payable to the order of William Schley & Company, for the sum of $2,305 81. This acceptance was indorsed to Ketchum & Hartridge. Upon the trial the jury found a verdict for the plaintiffs. Rust, Johnston & Company pleaded to the action, 1st, The general issue ; 2d, That they were accommodation acceptors, and had been notified by D. P. Hill, the real party at interest, that said acceptance was worthless, and not to pay the same. Plaintiffs in error moved for a new trial upon the following grounds, to-wit :

1st. Because plaintiffs in error intrusted the defense of said cause to D. P. Hill, Esq., attorney at law, who was also a party interested in said suit.

2d. Because said D. P. Hill had leave of absence from the Judge of the Superior Court, and that he absented himself from the Court, and was not present at the trial of said case.

3d. Because the Court erred in refusing the motion for a continuance on the ground of the absence of said Hill, the Court having stated that said Hill had not been granted leave of absence.

The Court ordered defendants in error to show cause at the next term of the Court why said motion should not be granted. A rule was taken by counsel for defendants in error requiring plaintiffs in error to show cause why said motion for a new trial should not be heard during the Court then in session. D. P. Hill, Esq., answered said rule as follows :

" And now comes Daniel P. Hill for answer to the above rule, and says, on oath, that he is informed and believes that Ketchum & Hartridge are not the real owners of the draft sued on, but that William Schley and Charlton Way, the persons in whose favor the draft was originally drawn, are, and always have been, the owners of said draft, and that the suit was brought in the name of Ketchum & Hartridge in order to defeat this deponent in his just and legal defense which he proposed to make.

" And for further answer this deponent saith, that he has never seen the declaration filed in said case, and his impression always was that the case was returnable to the last term of Dougherty Superior Court, and that he had ample time to prepare for trial before the case could be heard in its regular order ; this is the reason no plea has been filed by this deponent in said case.

" For further answer this deponent saith, that he was in attendance on the Superior Court of Dougherty county at its last session for about two weeks, and believing that no business in which he was personally or as attorney interested would be reached at said session of the Court, he obtained leave of absence, which fact is known to the Court.

" For further answer this deponent saith, that it was impossible for any one to have represented the case for him properly unless he had been present at the trial, because no one knew the facts as well as this deponent, which should have been presented on the trial; that deponent expects to be ready for trial at the next term of said Court; that the time is short and would not delay the plaintiffs long in the collection of their money if they be entitled to the same."

The foregoing rule and answer are inserted in order to render clear the rulings of the Court complained of, though the record and bill of exceptions fail to show what disposition was made of the same.

The evidence introduced upon the trial, which was had in the absence of D. P. Hill, Esq., was conflicting as to whether the fertilizer for which the bill of exchange sued on was given was valueless. Two witnesses for the plaintiffs in error testified that the guano was utterly worthless. One witness for the defendants in error testified, " that said fertilizer contained all the materials it purported to contain, that it was good manure, and that if it failed to benefit the crops, it was not from any defect in the fertilizer, but in consequence of unfavorable seasons or bad management on' the part of the planter."

Rust, Johnston & Company *vs.* Ketchum & Hartridge.

Upon the motion for a new trial, the Court passed the following order:

"Upon hearing the within motion, and after argument had, it is ordered that a new trial be refused, upon all the grounds taken therein, defendant failing to show that he had been injured, or that he would be able, on another trial, possibly, to change the verdict of the jury by any evidence."

Whereupon, plaintiffs in error excepted and assign said ruling as error.

D. P. HILL, for plaintiffs in error.

HINES & HOBBS, for defendants.

WARNER, Chief Justice.

This was a motion for a new trial, on the ground that the case was tried and a verdict rendered against the defendants in the absence of D. P. Hill, who was the sole counsel for defendants, who had leave of absence from the Court. The Court refused the motion for a new trial, unless the defendants could satisfy the presiding Judge that they had evidence to make out their defense, and thus prevent a similar verdict against them on a second trial; whereupon, the defendants excepted. The defendants had filed their plea to the plaintiffs' action, setting up a good legal defense thereto, and might have been able, if their absent counsel had been present, to have satisfied the jury, if not the presiding Judge, that the plaintiffs were not entitled to recover, under the evidence contained in the record, on the first trial, and also on the second trial. The bill of exceptions states that the defendants' counsel had leave of absence from the Court, but that the presiding Judge had forgotten it.

In our judgment, the new trial should have been granted: *Hamilton vs. Conyers,* 25 *Georgia Reports,* 158; *Summerlin vs. Dent,* 36 *Georgia Reports,* 54. This case differs from that of *Bell vs. The Marietta Paper Mill Company,* decided at the last term of the Court. In that case, there was no plea filed

which showed that the defendants had any legal defense to the action, and this Court held that such a plea should be filed and sworn to; otherwise, it did not appear that the defendants had any defense. In this case, the defendants' plea was filed and sworn to, and evidence introduced on the first trial in support of it.

Let the judgment of the Court below be reversed.